LOBRANO, Judge.
On February 20, 1973, Lake Forest, Inc. entered into a purchase agreement with Bon Marche Homes, Inc. (Bon Marche) for the sale of some 46 lots in the Lake Forest section of New Orleans East. Bon Marche put up the usual 10% deposit amounting to $39,334.50 [1] as required by the contract, and the act of sale was ultimately set for January 28, 1974. Bon Marche failed to appear on that date and take title to the property alleging that same was unmerchantable.
Bon Marche demanded the return of its deposit, but Lake Forest, Inc. refused to do so. Lake Forest, Inc. sued Bon Marche seeking a forfeit of the deposit (No. 570-751 of the Civil District Court) and Bon Marche sued Lake Forest seeking the return of its deposit (No. 571-072 of the Civil District Court). Both matters were consolidated and the trial was set for January 21, 1976.
On the morning of the trial, Bon Marche sought to file a third supplemental and amended answer, and reconventional demand alleging as an additional basis of un-merchantability a lawsuit filed on January 20, 1976. That suit, bearing docket No. 76-0884 of the Civil District Court, was filed by the heirs of Louis Boe[2] against Lake Forest, Inc. seeking ownership of the *364 subject property through adverse possession. Upon objection by Lake Forest, Inc., the trial court refused to allow the filing of the amended answer.
The case proceeded to trial as scheduled, and judgment was rendered in favor of Lake Forest, Inc., declaring the deposit forfeited. Bon Marche appealed that decision, and this Court remanded “for the purpose of determining whether the alleged previous presence of the squatter and his heirs’ subsequent action claiming title based on that presence made plaintiff’s title unmer-chantable at the time set for the act of sale, in the light of the circumstances then existent as known at the time of trial. Unless plaintiff establishes that its title was merchantable, it is not entitled to a forfeiture of deposit.” Lake Forest, Inc. v. Bon Marche Homes, Inc., 356 So.2d 1133 (La.App. 4th Cir. 1978) at p. 1136.
On remand, Bon Marche filed its amended answer setting forth suit No. 76-0884 filed by the Boe heirs as an additional defect rendering the title unmerchantable. Upon retrial, Bon Marche introduced into evidence not only the original suit filed by the Boe heirs against Lake Forest, Inc., (No. 76-0884), but three additional lawsuits filed by the same heirs against some 46 property owners in the Lake Forest area, (see footnote No. 2, supra) In all four of the Boe cases, they are seeking ownership to numerous properties, including the lots originally to be purchased by Bon Marche.
Prior to the retrial, Lake Forest filed a motion with the trial court seeking to determine whether any evidence pertaining to the “good faith” of the Boe lawsuit would be admissable. The trial court refused to allow any evidence on the issue of the good faith of the Boe suit, or of the actual possession of Louis Boe or his heirs. Judgement was rendered in favor of Bon Marche ordering the return of the deposit.
From that judgment Lake Forest perfects this appeal seeking a reversal on the basis that the trial judge was in error in refusing Lake Forest the opportunity to introduce evidence as to the actual possession of Boe or his heirs, and the “good faith” of their lawsuit.
A purchaser cannot be required to accept a title which is suggestive of litigation. Such a title is not merchantable, as it could not be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved. Young v. Stevens, 252 La. 69, 209 So.2d 25 (1968). The vendor’s obligation to deliver a merchantable title is a continuing one; the vendor cannot seek specific performance on the theory that merchantability as of the time of the default is the only test, and that ignorance of fact made the title merchantable at that time. Lake Forest, Inc. v. Bon Marche Homes, Inc., 356 So.2d 1133 (La.App. 4th Cir. 1978).
In his reasons for judgement, the trial court ruled that the “sole question is whether or not the mere filing of a suit by someone (other than the vendor) claiming to hold title — by whatever right — has the effect of making the title unmerchantable.” (see reasons for judgement, Lake Forest, Inc. v. Bon Marche Homes, Inc., No. 570-751 consolidated with 571-072). Appellant argues that such reasoning would allow any purchaser to escape the obligations of his purchase agreement by persuading a third party to file a frivolous claim against the seller, thus making the title unmerchanta-ble. Appellant would have us adopt a rule which would require the trial court in such instances to decide the merits of such a third party lawsuit before it decides the breach of purchase agreement suit. This would be totally objectionable. We will not require the trial court to go into the merits of such a third party suit prior to determining the issues of merchantability.
The mere fact that a suit brought by an adverse possessor or his heirs may eventually fail does not make the title merchantable. We cannot require a prospective purchaser to take title to property which is suggestive of litigation. In the present ease, the title is not merely suggestive of litigation, but it is the subject of pending litigation. The record reflects that the four *365 Boe lawsuits involve substantial claims against some 47 defendants including appellant. It appears from the records of those suits that counsel for all parties have expended considerable time and energy in protecting their clients’ interests. Like any other lawsuit the Boe cases may eventually fail, but they are not the type of groundless, collusive lawsuits engineered by a third party to enable the buyer to avoid a sale. It is clear to this court that the efforts put forth in the Boe cases are not geared to help Bon Marche avoid a loss of its $39,-000.00 deposit.
Although there may be instances where a “bad faith” suit is filed for the sole purpose of avoiding a sale agreement, we do not find that to exist in the present case. In principle, a trial judge should allow evidence of “collusion and bad faith” of a third party lawsuit, and any evidence in rebuttal, but he should not be required to hear the merits of such a suit. Even though the trial court refused evidence as to the good or bad faith of the Boe plaintiffs, we find there was no harm to appellant. We are convinced that the title to the subject property is unmerchantable. “When a review of the record indicates the trial court judgment is correct and that justice has been done, the judgement will not be overturned because of error which did not affect the merits.” Carlton v. Great American Insurance Co., 340 So.2d 678 (La.App. 4th Cir. 1976).
Since the title is unmerchantable, the primary obligation of the purchaser to purchase is void. The secondary obligation of deposit forfeiture, being conditioned on the primary obligation, also is void. Lake Forest, Inc. v. Bon Marche Homes, Inc., 356 So.2d 1133 (La.App. 4th Cir. 1978). We therefore, conclude that in light of the four lawsuits filed by the Boe heirs, the trial judge was correct in ordering the return of the deposit previously forfeited by Bon Marche, and the assessment of costs against Lake Forest.
AFFIRMED.

. The deposit consisted of one half in cash, and the other half in a demand, bearer note.

. The heirs of Louis Boe subsequently filed three additional lawsuits in Civil District Court in August and September of 1979. These bear docket Nos. 79-12338; 79-12339; 79-13651.