IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-7041
(Summary Calendar)

_____

In the Matter of First Financial
Development Corporation,

                                          Debtor,

Helen R. Adams, Independent
Executrix of the Estate of
Janie Hughston,

                                          Appellant,

                            versus

First Financial Development
Corporation,

                                          Appellee.

_____
        Appeal from the United States District Court
             for the Northern District of Texas

_____
                (  April   17, 1992)

                        ON REHEARING

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

     Today we revisit the opinions we rendered in this case on

February 12, 1992,[1] and on March 20, 1992.[2]  We do so to consider

_____

     [1]In the Matter of First Financial Development Corporation,
Debtor, Helen R. Adams, Independent Executrix of the Estate of
Janie Hughston, Appellant v. First Financial Development
Corporation, Appellee, 953 F.2d 219 (5th Cir. 1992).

     [2]In the Matter of First Financial Development Corporation,
Debtor, Helen R. Adams, Independent Executrix of the Estate of
Janie Hughston, Appellant v. First Financial Development
Corporation, Appellee, No. 91-7041, slip op. at 3592 (5th Cir.
March 20, 1992).

whether, under the precedent of our opinion in In the Matter of Texas Extrusion Corp.,[3] we had jurisdiction to entertain this appeal in the first place. On our own motion,[4] we have granted rehearings and determined that indeed we lacked jurisdiction to hear this appeal. We therefore vacate our earlier opinions, dismiss this appeal, and remand the case to the district court that first heard the appeal from the bankruptcy court. In so doing we urge the district court to re-examine its own jurisdiction to hear its appeal of the bankruptcy court's order affecting a disclosure statement when that order is granted prior to the bankruptcy court's confirmation of the debtor's plan of reorganization under Chapter 11.

I.

FACTS

In May of 1989, Janie Hughston obtained a Texas state court judgment against First Financial Development Corporation (First Financial) in the principal sum of $987,396.90, together with ten percent post-judgment interest and court costs, none of which has

---

[3]844 F.2d 1142 (5th Cir.), cert. denied, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).

[4]Based on the suggestion of a judge in active service on this court, for whose vigilance we are indebted, we originally granted rehearing on the issue of our jurisdiction under 28 U.S.C. § 158(d). Based on that rehearing, we issued our first opinion. Shortly after that opinion was released, but before the mandate issued, the Supreme Court decided Connecticut National Bank v. Germain, 112 S.Ct. 1146 (1992). We again held the mandate to determine the effect, if any, of Germain on our conclusion.

2

been paid.  That judgment is currently on appeal to the Texas Supreme Court.

In October of 1989, First Financial filed a voluntary Chapter 11 proceeding in the United States Bankruptcy Court for the Northern District of Texas.  Shortly after the bankruptcy was filed, Janie Hughston died, and Appellant Helen R. Adams was appointed independent executrix of her estate.

Pursuant to 11 U.S.C. § 1125, First Financial filed a disclosure statement with the bankruptcy court in anticipation of confirmation of its plan of reorganization.  Adams made numerous objections to the disclosure statement including, inter alia, that the statement should contain information regarding suits currently pending against Robert E. Williams, the president, sole director, and a forth-five percent shareholder of First Financial.[5]  The suits referred to by Adams were filed by third parties against Mr. Williams personally, not in his capacity as a principal in First Financial, and none has been reduced to judgment.

The bankruptcy court overruled that particular objection to the disclosure statement, and declined to require First Financial to include information about Mr. Williams's personal suits in the disclosure statement.  We hasten to add that the bankruptcy court's order was not an order approving the disclosure statement.  The court merely overruled some of Appellant's objections (including

_____

[5]June Williams, wife of Robert E. Williams, is secretary/treasurer and also owns forty-five percent of the stock.  Their daughter, Chris Regans, owns the remaining ten percent share.

3

the one that forms the basis of this appeal) and sustained others, instructing First Financial to include other information in an amended disclosure statement in order to propitiate those of Adams's objections that the court found meritorious.

Adams appealed the bankruptcy court's decision to the district court insofar as that decision relates to the inclusion of personal information with respect to Mr. Williams. The district court heard the appeal and affirmed the bankruptcy court's decision. Adams then filed a notice of appeal of the district court's judgment.

II.

ANALYSIS

After this panel heard Adams's appeal, filed an opinion, and disseminated the slip opinion, we revisited the issue of jurisdiction <u>sua sponte</u>. When we did so we discovered that indeed we did not have jurisdiction. We immediately ordered the mandate of our prior opinion held, and now vacate that decision for the reasons set forth below.

In <u>In re Delta Services Industries</u>[6] we observed that the limits of our jurisdiction to hear appeals from bankruptcy matters are described by the unique jurisdictional relationship between the bankruptcy court and the district court, and by 28 U.S.C. §158(d), which provides that "courts of appeal shall have jurisdiction of appeals from all <u>final</u> decisions, judgments, orders, and decrees"[7]

---

[6] 782 F.2d 1267 (5th Cir. 1986).

[7] (emphasis added).

4

of district courts or bankruptcy appellate panels. In Delta Services we concluded that it is not only the finality of the district court decision that constrains us but also that "we must focus on the nature of the underlying bankruptcy court order to determine whether we have jurisdiction. We have jurisdiction only if the underlying bankruptcy court order was final."[8] Therefore, under 28 U.S.C. § 158(d), interlocutory orders of the bankruptcy court cannot appropriately be reviewed by courts of appeals, notwithstanding the discretion afforded by the Rules of Bankruptcy Procedure to the district court to entertain review of non-final orders.[9] Congress has granted the courts of appeals no such discretion, so we are authorized to review only final orders of the bankruptcy court.

Very recently, however, the Supreme Court in Connecticut National Bank v. Germain[10] concluded that 28 U.S.C. § 158 is not the exclusive provision governing bankruptcy appellate jurisdiction. The Court reasoned that, notwithstanding § 158's grant of jurisdiction to the courts of appeals for review only of final orders of the bankruptcy court, one who is dissatisfied with an interlocutory order of a bankruptcy court has available an alternative avenue of appeal of such an order: the same grant of jurisdiction afforded the federal courts of appeals in 28 U.S.C. §

---

[8]782 F.2d at 1268.

[9]See 28 U.S.C. § 158(a); Bankruptcy Rule 8003.

[10]112 S.Ct. 1146 (1992).

1292(b),[11] which allows a court of appeals to hear an appeal of any certified interlocutory order of a district court.

Recognizing now the import of both § 158(d) and § 1292 and their applicability to the instant case, we nevertheless conclude that we have no jurisdiction to hear this appeal. In <u>In the Matter of Texas Extrusion Corp.</u>[12] we reasoned that an order approving a disclosure statement is not a final, appealable order because it is

> only one step in the process of the approval and confirmation of a plan of reorganization under Chapter 11 of the Bankruptcy Code. By no stretch of the imagination does the approval of a disclosure statement resolve any discrete dispute among the various parties involved within the larger bankruptcy proceeding or determine the rights of the parties to secure their requested relief.[13]

In the instant case, the bankruptcy court order that was appealed to the district court and then to us is not one approving the disclosure statement, as was the order in <u>Texas Extrusion</u>. Rather, the order in question here is one overruling some

---

[11]28 U.S.C. § 1292(b) provides in pertinent part:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

[12]In our first opinion the instant case, we cited <u>Texas Extrusion</u> in support of our pronouncement of standard of review. We were remiss at that time in not recognizing that it also governed our jurisdiction.

[13]844 F.2d at 1155.

objections and sustaining other objections made by Adams to the proposed disclosure statement.  The subject order was issued even before there was any approval of a disclosure statement, much less a plan of reorganization.[14]  Under these circumstances, the subject order is even less dispositive in the confirmation process than an order approving a disclosure statement, such as the one that we found lacking in finality in Texas Extrusion.

The interlocutory nature of the instant order is still more apparent when we recognize that Adams may well object to First Financial's next amended disclosure statement when filed, and to the one following that, and so on ad nauseam, until in Adams's view First Financial finally "gets it right."  To allow Adams to appeal the result of each such repeated "bite of the apple" would be a true waste of judicial resources and in direct contravention to the concept of final adjudication in the bankruptcy courts as contemplated by Congress when it enacted the Bankruptcy Code.

Because the orders of the bankruptcy court, and hence the district court, are clearly interlocutory, we have no jurisdiction under § 158(d).  Because the district court did not certify its decision for appeal, we have no jurisdiction under § 1292(b).[15]

_____

[14]It is our understanding that the confirmation process in this case, including the filing of a disclosure statement to conform with the order on appeal, has been suspended pending the outcome of this appeal.

[15]We cannot escape a certain irony in this situation.  If prior to Germain, the district court had certified its decision for appeal under § 1292(b), we would have been forced to the same conclusion we reach today, for under our prior precedent, even certification would not have saved this appeal.

7

We hasten to add that Adams is not being denied her right to appeal in this case. If she remains dissatisfied with the disclosure statement, she may, when a plan is ultimately confirmed by the bankruptcy court, appeal to the district court and if necessary to this court under § 158(d). In the interim, as we explained, Adams may also take advantage of the mechanism by which she may seek to appeal interlocutory orders of the bankruptcy court to the district court but only with the latter court's permission.[16] In addition, Adams may seek to appeal any interlocutory decision of the district court under § 1292(b).[17]

We find nothing in the record to indicate that the district court considered its own jurisdiction to hear this interlocutory appeal, or that Adams followed the procedures prescribed by the Bankruptcy Rules for requesting leave of the district court to appeal an interlocutory order.[18] Therefore, we urge the district court to consider whether Adams properly sought leave to appeal this interlocutory order to the district court and whether the court granted such leave, even implicitly, without leave having been sought by Adams.[19]

---

[16]See 28 U.S.C. 158(a); Bankruptcy Rules 8001(b) and 8003(a).

[17]Of course, any appeal of an order under § 1292(b) can only be had with the discretion of the court of appeals. See note 11 supra.

[18]See Bankruptcy Rule 8003(a).

[19]See In re Jartran, Inc., 886 F.2d 859, 865-66 (7th Cir. 1989).

8

III.

CONCLUSION

For the foregoing reasons, our prior opinion and holding in this case are VACATED, the appeal to this court is DISMISSED, and the case is REMANDED to the district court for proceedings consistent with this opinion.