United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51283
Summary Calendar

JAMES K. TERRELL,

Plaintiff-Appellant,

versus

CITY OF EL PASO; CARLOS LEON, Chief; ALFONSO NEVAREZ, Officer;
SAUL VILLALOBOS, Officer; RODNEY MOOERS, Officer; MARK TELLES,
Officer; DEBRA PONKO, Officer; ROBERT ROMERO, Officer; JACK
MATTHEWS, Sergeant; HARRY FARLOW, Sergeant; WADE FORRISTER,
Sergeant; ANNA NAVEDO, Detective; TED PORRAS, Detective; COUNTY
OF EL PASO; JAIME ESPARZA, Individually and as District Attorney;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(3:03-CV-364)
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James K. Terrell appeals the district
court's denial of his motion for declaratory judgment and his
motion to recuse Judge Kathleen Cardone.[1]  As we are without

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] This opinion is rendered contemporaneously with our
opinion in James K. Terrell v. City of El Paso, 04-51281 (5th
Cir. Apr. __, 2006) (unpublished).

jurisdiction to review the denial of either motion, this appeal is dismissed without prejudice.

With some exceptions not applicable here, our jurisdiction extends only to final decisions of the district court.[2] In general, a "final decision" is one that "ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment."[3] Terrell's appeal is ineffective at this time because there are still claims and issues pending in the district court, including the City's, County's, and District Attorney's motions for summary judgment.

We are thus without jurisdiction to review the district court's denial of Terrell's motion for declaratory judgment because it is not a final decision. In fact, the district court did not even reach the merits of the motion, but instead denied it without prejudice because of Terrell's failure to comply with the district court's local rule on filing such motions.

We likewise lack jurisdiction to consider Terrell's appeal from the district court's denial of his motion to recuse.

---

[2] See 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ....").

[3] McLaughlin v. Miss. Power Co., 376 F.3d 344, 350 (5th Cir. 2004) (citation omitted).

Questions concerning the disqualification of judges are not immediately appealable.[4]

Accordingly, we do not reach the merits of Terrell's appeal from the denial of his motion for declaratory judgment and his motion to recuse. This appeal is

DISMISSED without PREJUDICE.

---

[4] In re Corrugated Container Antitrust Litig., 614 F.2d 958, 960-61 (5th Cir. 1980). We acknowledge that our holding on the absence of appellate jurisdiction to review the denial of a motion to recuse is inconsistent with another panel's disposition of the same issue in the related case of Jacob Telles v. City of El Paso, 04-51298 (5th Cir. Jan. 25, 2006) (unpublished). But Corrugated, which predates Telles, is the controlling precedent and we must follow it.