# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-00042

LARRY I. LINTON

Plaintiff - Respondent

v.

SHELL OIL CO. ET AL.

Defendants - Petitioners

Petition for Leave to Appeal from Interlocutory Orders

Before JOLLY, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:

We issue a written opinion on this motion for leave to appeal pursuant to 28 U.S.C. § 1292(b) in order to alert district judges to the need to provide in their certification orders some demonstration that the governing standards for an interlocutory appeal have been met. The instant motion is made in the course of litigation between Plaintiff-Respondent Larry Linton ("Plaintiff") and Defendants-Petitioners Shell Oil Company et al.

Plaintiff was employed as a worker on the NaKika Floating Production Facility ("NaKika"), which is located above the Outer Continental Shelf adjacent to the State of Louisiana and is owned by Defendant Shell Oil Co. ("Shell"). Plaintiff alleged that he was injured while working on the NaKika and brought suit contending that because the NaKika is a vessel he is a

seaman under the Jones Act, 46 U.S.C. § 30101 *et seq.* Shell moved for summary judgment. In one order the district court denied Shell's motion for summary judgment and certified to us "the issues raised in the Motion for Summary Judgment..., in the Memoranda in Support thereof, and an Opposition to the Motion for Summary Judgment." However, the district court's order does not contain findings of facts, conclusions of law, or any application of law to facts, and the motion for summary judgment, opposition and memorandum in support have not been filed with us.

The district court stated that the issues it had decided in denying Shell's motion for summary judgment "include: (1) whether Louisiana law applies, as surrogate federal law, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, to the claims brought by Plaintiff in these proceedings, without regard to whether the Nakika is a vessel or an artificial island and (2) whether the Nakika is a 'vessel' for purposes of the Jones Act, 46 U.S.C. § 30101, *et seq.*"

Using the statutory language of section 1292(b), the district court opined that these issues involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. No further justification for the interlocutory appeal was given.

Preliminarily, it should be noted, that section 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions. *See Isra Fruit v. Agrexco*, 804 F.2d 24, 25 (2d Cir. 1986); *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1156-57 (2d Cir. 1986); *Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 936 n.10 (2d Cir.), *cert. denied*, 469 U.S. 884 (1984). Of course, in certifying an order for interlocutory review it is helpful if the district judge frames the controlling question(s) that the judge believes is presented by the order being certified, as the district court

did in this case. *See* 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3929 n.61 (2d ed. 2008) (citing *Isra Fruit*, 804 F.2d at 25); *see also Banco Cafetero Panama*, 797 F.2d at 1157; *SCM Corp. v. Xerox Corp.*, 599 F.2d 32, 33 (2d Cir. 1979). In the instant case, however, the defendants should have sought certification not only of these bare questions of law but also of the district court's order giving its reasoning as to how these questions were resolved and why that resolution led to the denial of Shell's motion for summary judgment. Indeed, it appears that the district court may have concluded that there are genuine issues of material facts concerning whether the Nikika is a vessel that must be resolved before reaching these legal questions.

Further, we strongly suggest to district judges the advisability of stating more than an abstract description of the legal questions involved or a bare finding that the statutory requirements of section 1292(b) have been met. This circuit, as well as other circuits, have repeatedly made the same or similar points with respect to certifications under Fed.R.Civ.P. 54(b). *See, e.g., Rothenberg v. Security Management Co., Inc.*, 617 F.2d 1149, 1150 (5th Cir. 1980); *Huckeby v. Frozen Food Express*, 555 F.2d 542, 550 (5th Cir. 1977); *see also Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980); *Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 286 (2d Cir. 1974); *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir.1976). Though it will often be evident why the question presented by the certified order is "controlling," elaboration by the district judge will normally be helpful in understanding why the judge believes that there is a "substantial ground for difference of opinion" and that "immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 n.10 (2d ed. 2008).

For these reasons, the application for leave to appeal is DENIED.