# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2010

Lyle W. Cayce
Clerk

No. 09-41233

In the Matter of:   ESMERALDA GOMEZ, JOSE LUIS GOMEZ;

       Debtors

------------------------

ESMERALDA GOMEZ; JOSE LUIS GOMEZ

       Appellants

v.

KAMPER INVESTMENTS, L.L.C.; WACHOVIA BANK, NATIONAL
ASSOCIATION, As Trustee for WFASC Mortgage, Asset-Based Pass-Through
Certificates, Series 2005-2,

       Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CV-155

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Debtors Esmeralda Gomez and Jose Luis Gomez directly appeal a
bankruptcy court decision upholding the foreclosure sale of their home.  Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-41233

the Gomezes have obtained neither a final decision from the district court nor a statutory certification for direct appeal, we dismiss for want of jurisdiction.

## I. BACKGROUND

Esmeralda Gomez and Jose Luis Gomez owned a home at 2600 Santa Laura in Mission, Texas. Wells Fargo Bank, N.A., as mortgage servicer, foreclosed on the home and sold it to defendant Kamper Investments, LLC at a foreclosure sale on August 7, 2007.[1] There is no dispute that the foreclosure sale was conducted in accordance with relevant state law. The day after the foreclosure sale, the Gomezes filed for Chapter 13 bankruptcy protection and commenced an adversary proceeding in an attempt to avoid transfer of title. After evidentiary hearings, the bankruptcy court avoided the sale and awarded title of the home to the Gomezes. The defendants appealed to the district court. On March 31, 2009, the district court issued a "judgment" reversing the bankruptcy court in part but remanding for further findings as to whether the foreclosure sale could be avoided under 11 U.S.C. § 544. The district court anticipated that the bankruptcy court would resolve the "fact finding matter" and then "send it back." On November 17, 2009, after a trial, the bankruptcy court held that the sale could not be avoided under 11 U.S.C. § 544 and entered judgment against the Gomezes. The bankruptcy court stated on the record:

> To me what that says to both sides is: going back to Judge Hinojosa, frankly, doesn't make a whole lot [of] sense. . . . Please don't get me wrong but given the recent change in the law that allows an appeal to go directly to the Fifth Circuit, this seems ideally situated if you

---

[1] Wells Fargo is the mortgage servicer for Wachovia Bank, National Association, which is trustee for the WFASC Mortgage, Asset-Based Pass-Through Certificates, Series 2005-2, into which the Gomezes' mortgage note has been bundled.

No. 09-41233

all choose to spend the funds to do that. . . . So what I would suggest is that we give you enough time to figure out if you want to appeal. If you choose to appeal either the fact finding or the earlier reversal by Judge Hinojosa to the Fifth Circuit, file a Notice of Appeal and Request of Certification to go directly to the Fifth Circuit. Unless I hear something pretty extraordinary from [plaintiffs] that they want to go back and have Judge Hinojosa [do] what he did before, I'll certify it for a direct appeal to the Fifth Circuit. It's just discretionary with them. I can't assure that they'll take my certification but I think all of the standards are met here in terms of what the – whether this ought to go directly up.

The bankruptcy court then specifically, and repeatedly, instructed the Gomezes to file a request for certification. The bankruptcy court informed the Gomezes that they could not appeal directly to this Court without certification, and cautioned them to "look carefully at the rules" before filing their notice of appeal. The Gomezes never filed a request for certification, and the bankruptcy court never made a certification. On November 25, 2009, the Gomezes filed in bankruptcy court a notice of appeal to this Court. On December 1, 2009, the Gomezes filed in the district court a substantially identical notice of appeal. Both notices purport to appeal the bankruptcy court's November 2009 judgment, as well as the district court's "Interlocutory Judgment entered on April 7, 2009 . . . which became final on November 17, 2009."[2]

After receiving briefing on the merits, we sua sponte ordered the parties to submit supplemental briefing demonstrating the basis for our appellate jurisdiction. After reviewing the parties' supplemental briefing, we dismiss for want of jurisdiction.

---

[2] No judgment was entered on April 7, 2009. We presume the notice of appeal refers to the district court's March 2009 judgment.

3

No. 09-41233

## II. DISCUSSION

### A.    Principles

Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution. *See, e.g.*, U.S. CONST. art. III, § 2; *Cary v. Curtis*, 44 U.S. 236, 245 (1845); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176, 179 (1803). Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent. *See, e.g.*, *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). We are obligated to examine our subject matter jurisdiction, sua sponte if necessary. *See, e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). We have jurisdiction to determine our own jurisdiction. *See, e.g.*, *United States v. Mine Workers of Am.*, 330 U.S. 258, 291 (1947); *United States v. Shipp*, 203 U.S. 563, 573 (1906).

For the most part, bankruptcy appeals are governed by 28 U.S.C. § 158. *See Conn. Nat. Bank v. Germain*, 503 U.S. 249, 252 (1992). Under § 158, interlocutory and final decisions of a bankruptcy court are appealable to the district court, and final decisions of the district court are, in turn, appealable to us. 28 U.S.C. §§ 158(a), (d)(1); *see also id.* § 1291 (authorizing appeal from final decision of a district court); *In re Wood & Locker, Inc.*, 868 F.2d 139, 142 (5th Cir. 1989). A final decision typically is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). In some circumstances an appealable "final judgment" may be entered as to fewer than all claims in a proceeding, but "only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P.

No. 09-41233

54(b); FED. R. BANKR. P. 7054(a) (incorporating Rule 54(b) in adversary bankruptcy proceedings); *see also In re Wood & Locker*, 868 F.2d at 143-45 (interpreting Rule 54(b) in bankruptcy context); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (identifying factors relevant to Rule 54(b) certification).  We have held that "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable. We do not require the judge to mechanically recite the words 'no just reason for delay.'" *Kelley v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc).  On the other hand, we have also held that the mere "fact that the district court labeled its order as a 'Final Judgment' does not suffice to make that order appealable under Rule 54(b)."  *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999).

In addition to this ordinary appellate process, we have discretion to hear a direct appeal from a bankruptcy court decision (interlocutory or final) if the bankruptcy court, the district court, a bankruptcy appellate panel, or all appellants and appellees acting jointly certify that:  (i) the decision involves a question of law as to which there is no controlling decision of this Court or of the Supreme Court, or involves a matter of public importance; (ii) the decision involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the decision may materially advance the progress of the case or proceeding in which the appeal is taken.  28 U.S.C. § 158(d)(2)(A)(i)-(iii); *see also In re OCA, Inc.*, 552 F.3d 413, 418 (5th Cir. 2008).  Because the specific

No. 09-41233

procedures for making this statutory certification are established by court-promulgated rules, *see* FED. R. BANKR. P. 8001(f), technical noncompliance with the procedures does not necessarily deprive us of jurisdiction. *See In re Scotia Pacific Co., LLC*, 508 F.3d 214, 219 (5th Cir. 2007).

Our jurisdiction in this case is not confined to § 158. We have discretion to hear an appeal from an interlocutory order of a district court sitting in its bankruptcy appellate capacity if the district court certifies in writing that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Germain*, 503 U.S. at 251-52; *In re First Fin. Dev. Corp.*, 960 F.2d 23, 25 (1992). We also have jurisdiction over a district court's interlocutory order that has the practical effect of "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1); *see Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (finding appellate courts have jurisdiction over interlocutory district court orders that have the "practical effect" of refusing injunction; might have a "serious, perhaps irreparable, consequence"; and can be "effectually challenged" only by immediate appeal); *cf. In re Nichols*, 21 F.3d 690, 693 (5th Cir. 1994) (finding no appellate jurisdiction under § 1292(a)(1) because district court's order did not grant, continue, modify, refuse, or dissolve injunction); *In re Kassover*, 343 F.3d 91, 94-95 (2d Cir. 2003) (finding no appellate jurisdiction under § 1292(a)(1) when district court declined to hear merits of appeal from bankruptcy court's order granting an injunction).

No. 09-41233

**B.    Application**

There are several potential bases for appellate jurisdiction in this case, but none is adequate.

1.    <u>The District Court's March 2009 Decision</u>

The district court's March 2009 remand order was not final for purposes of § 158(d)(1).  In a line of cases, we have held that "when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under § 158(d)." *In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006). Whether a case has been remanded for "significant further proceedings" turns on whether the bankruptcy court is required to perform additional judicial functions or mere ministerial functions. *In re Caddo Parish-Villas South, Ltd.*, 174 F.3d 624, 626 (5th Cir. 1999).  A remand requires significant further proceedings if it "necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion," or if it "is likely to generate a new appeal or affect the issue that the disappointed party wants to raise on appeal from the order of remand." *In re Pro-Snax Distribs., Inc.*, 157 F.3d 414, 420 (5th Cir. 1998); *see also In re Aegis Specialty Mktg. Inc. of Ala.*, 68 F.3d 919, 921 (5th Cir. 1995).  Here, after remand, the bankruptcy court was required to conduct a trial and make findings of fact and law.  These are quintessential judicial functions that implicated the bankruptcy judge's discretion and did in fact generate new proceedings and a new appeal.  Because the district court's remand order did not end the litigation on the merits, it was not an appealable final decision under § 158(d)(1).

7

No. 09-41233

It is true that the district court's remand order was styled a "judgment" and rejected two potential bases for avoiding the foreclosure sale of the Gomezes' home.  Simply calling a remand order a "judgment" does not, however, reflect "unmistakable intent" to enter a partial final judgment under Rule 54(b), particularly when the district court did not mention, and the parties did not even request, Rule 54(b) certification.  *See Briargrove*, 170 F.3d at 540.  Nor does it, in the alternative, satisfy the stringent certification requirements for an interlocutory appeal under § 1292(b).  *See Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (alerting "district judges to the need to provide in their certification orders some demonstration that the governing standards for an interlocutory appeal have been met"); *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (dismissing appeal because district court's decision "was neither in form nor content a final decision," nor did it "make the certifications necessary" for interlocutory appeal); *In re First Financial Dev. Corp.*, 960 F.2d at 26 (same); *cf. DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1033-35 (5th Cir. 1982) (discussing interplay between Rule 54(b) certification and § 1292(b) certification).  Accordingly, we lack jurisdiction under either § 1291 or 1292(b).

We need not inquire whether the district court's remand order had the practical effect of "granting, continuing, modifying, refusing or dissolving" an injunction, and hence might have been appealable under 28 U.S.C. § 1292(a)(1). Even if the district court's decision had such an effect (or, for that matter, had been certified as a partial final judgment or for interlocutory appeal), the Gomezes' notice of appeal was not filed until December 1, 2009 and therefore would have been untimely.  *See* FED. R. APP. P. 4(a)(1)(A) (requiring notice of

appeal to be filed within 30 days); *Smith v. Mine Safety Appliances Co.*, 691 F.2d 724, 725 (5th Cir. 1982) ("For purposes of appealability, a judgment entered pursuant to Rule 54(b) is a final judgment, and an appeal must be taken within thirty days after its entry."); *Burnley v. City of San Antonio*, 470 F.3d 189, 192 (5th Cir. 2006) (observing that timely appeal is 'mandatory'").

2.    The Bankruptcy Court's November 2009 Decision

The bankruptcy court's November 2009 decision was final because it denied "all relief" requested by the Gomezes and left nothing else for the bankruptcy court to decide.  The Gomezes did not, however, appeal the decision to the district court.  Section 158(d)(1), which confers appellate jurisdiction only over final decisions of the district court, therefore is irrelevant.

The only remaining potential basis for jurisdiction is § 158(d)(2), which gives us discretion to hear a direct appeal from a bankruptcy court decision in the event the bankruptcy court, the district court, a bankruptcy appellate panel, or all appellants and appellees acting jointly make a statutory certification.  *See* 28 U.S.C. § 158(d)(2)(A)(i)-(iii).  The Gomezes concede that "[t]he record does not contain any certification by the Bankruptcy Court and the court of appeals did not authorize a direct appeal as the statute requires because the[re] was no direct appeal certified."[3]  We confirm that although the bankruptcy judge expressed a willingness to certify his November 2009 decision for direct appeal, he did not in fact make the certification, nor did he specify on which statutory ground his certification would be made.  Indeed, the Gomezes did not even request a certification from the bankruptcy court.  This case thus involves more

_____

[3] The record also does not contain a certification by the district court or a bankruptcy appellate panel, nor does it include a joint certification by all appellants and appellees.

than technical noncompliance with bankruptcy rules. *See, e.g.*, *In re Scotia Pacific*, 508 F.3d at 219 (holding that actual certification by district court is sufficient to invoke appellate jurisdiction under § 158(d)(2) even though certification technically should have been made by bankruptcy court under bankruptcy rules); *In re Turner*, 574 F.3d 349, 352 (7th Cir. 2009) (holding that timely transmittal of litigant's request for certification to circuit court constitutes functional equivalent of petition for permission to appeal). This case instead involves a failure to satisfy a statutory precondition for direct appeal to this Court. The Gomezes' failure to satisfy the statutory certification requirement concludes our jurisdictional inquiry. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007) (stating that when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction"). Because no statutory certification has been made, we have no discretion to authorize the Gomezes' appeal, and we have no jurisdiction under § 158(d)(2).

We must finally reject the Gomezes' novel contention that the district court's remand order became an appealable final judgment as of the bankruptcy court's November 2009 decision. The Gomezes have not cited, and we have not found, any authority for the proposition that a bankruptcy court's decision on remand, after additional factual development and significant judicial activity, transforms the district court's earlier remand order into a final judgment. Indeed, the Gomezes' theory would do away with district court supervision, a result not authorized by Congress, *see* 28 U.S.C. §§ 157(b)(1), (c)(1) (providing for district court review of bankruptcy decisions in core and noncore matters), nor likely the Constitution, *see N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,

No. 09-41233

458 U.S. 50, 81 (1982) (plurality opinion of Brennan, J.) (invalidating Bankruptcy Act of 1978, and observing that "[c]ritical to the Court's decision to uphold the Magistrates Act was the fact that the ultimate decision was made by the district court"); *see also id.* at 91 (Rehnquist, J., concurring in judgment). After the bankruptcy court's November 2009 decision, the Gomezes had two choices: appeal to the district court and then appeal the district court's final decision to this Court; or obtain a statutory certification and try to appeal directly to this Court. The Gomezes did neither, and their own way has not been authorized by Congress.

## III.  CONCLUSION

For want of subject matter jurisdiction, this appeal is DISMISSED.