# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2011

No. 11-30270
Summary Calendar

Lyle W. Cayce
Clerk

SPSL OPOBO LIBERIA, INCORPORATED,

Plaintiff–Appellee

v.

MARINE WORLDWIDE SERVICES, INCORPORATED,

Defendant–Appellant

SPSL OPOBO LIBERIA, INCORPORATED,

Plaintiff–Appellee

v.

AAA HOLDINGS, L.L.C.,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Lousiana
USDC No. 2:07-CV-03355

No. 11-30270

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marine Worldwide Services ("MWS") appeals the district court's denial of its motions for summary judgment and motion for release of the Mid-River IV (also known as the SPSL OPOBO, the "barge"), and the district court's grant of the AAA Holdings' ("AAA") motion for release of the barge. Because we find that MWS was not entitled to judgment as a matter of law and that AAA was entitled to the barge, we AFFIRM the district court's rulings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a three-party dispute as to the rightful ownership of the barge between SPSL OPOBO Liberia, Inc. ("SOLI"), MWS, and AAA. The facts relevant for the present appeal begin while a lawsuit between SOLI and MWS is pending, in which SOLI claimed that MWS had exercised unlawful ownership of the barge. In June 2008, while the litigation between SOLI and MWS was pending, MWS, through its owner–agent, Ray Groot, sold the barge to AAA for $1.3 million. During the course of the sale neither Groot nor the broker he used, Alan Moore, disclosed to AAA that SOLI had a pending ownership claim over the barge. After AAA had paid $700,000 toward the purchase of the barge, it demanded title documentation from MWS. MWS provided AAA with a No Lien Certificate, but this was not to AAA's satisfaction; in turn, AAA made a second demand for title documentation, which MWS failed to provide. AAA stopped making payments at that point.

In June 2009, SOLI and MWS reached a tentative settlement in their case over the ownership of the barge, which would have required MWS to surrender the barge to SOLI. MWS could not do so because it had sold the barge to AAA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30270

SOLI then brought suit against AAA, claiming that SOLI was the true owner. AAA then filed against MWS, Groot, and Moore for fraud and breach of the sales contract.  The barge was seized and the cases were consolidated.  Discovery proceeded, but because of SOLI's failure to produce a corporate deponent based on AAA's request, the district court dismissed SOLI's claims to the barge for failure to comply.[1]  AAA filed a motion for immediate release of the barge after the district court's dismissal of SOLI's claims. MWS then filed separate motions for summary judgment against SOLI and AAA and a motion for immediate release of the barge.  Ruling on all four of the motions at once, the district court denied MWS's motions and granted AAA's motion to release.  MWS appealed.

## II.  JURISDICTION AND STANDARD OF REVIEW

Though we generally lack jurisdiction to review denials of summary judgement, *Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1306 (1977), we have jurisdiction under 28 U.S.C. § 1292(b) in this case because the district court certified these orders as final pursuant to Federal Rule of Civil Procedure 54(b)." *Linton v. Shell Oil, Co.*, 563 F.3d 556 (5th Cir. 2009).  We review the district court's findings of fact under a "clearly erroneous" standard, *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948), and legal conclusions under a de novo standard.  *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 564 (1961).

## III.  DISCUSSION

MWS raises three grounds for appeal.  First, it asserts that the district court committed error by failing to find facts as required by Federal Rule of Civil Procedure 52(a).  Second, in the district court's denial of summary judgment to MWS, that the district court failed procedurally by not accounting for facts

---

[1] The order dismissing SOLI's claims is pending on appeal to this court.  *SPSL OPOBO Liberia, Inc. v. Marine Worldwide Servs.*, No. 10-31082 (5th Cir.).

raised by MWS. And third, the district court erred substantively in granting AAA's motion for release and denying its motion for summary judgment.

## A.    Failure to Find Facts

MWS cites Federal Rule of Civil Procedure 52(a) and *Golf City v. Wilson Sporting Goods*, 555 F.2d 426 (5th Cir 1977), for the proposition that the district court was required to find facts specifically in this case. While Rule 52(a)(1) mandates that "[i]n an action tried . . . without a jury . . . , the court must find the facts specially," Subpart 3 of Rule 52(a) states that this requirement is "not required . . . when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." FED. R. CIV. P. 52(a)(1), (3). This is not an appeal from a bench trial but rather an appeal of a denial of summary judgment and other motions. Therefore, this ground is meritless.

## B.    Denial of Summary Judgment and Grant of AAA's Motion for Release

MWS attacks the district court for failing to account for allegedly disputed facts regarding the ownership of the barge. The facts that MWS raises in its brief as creating a dispute are either ones discussed by the district court or do not relate to the case. It is well-known that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and here, the facts raised by MWS did not go to issues material to this case.

MWS is thus left with its objection to the district court's grant of AAA's motion for release. While it is unclear whether the district court intended the denial of MWS's summary judgment motion and the grant of AAA's release motion to be a grant of summary judgment to AAA, such a course would have been authorized under our caselaw so long as the district court complied with Rule 56(f)'s notice requirements. *See McCarty v. United States*, 929 F.2d 1085,

No. 11-30270

1088 (5th Cir. 1991) ("If one party moves for summary judgment, the court sua sponte may grant summary judgment for the nonmoving party provided all of the procedural safeguards of Rule 56 are followed." (citation omitted)).  Even if this is not what the district court intended to do, the district court neither erred in denying MWS summary judgment nor erred in granting AAA's motion for release.

For MWS to have prevailed on its motion for summary judgment it must demonstrate that was entitled to a judgment as a matter of law, FED. R. CIV. P. 56(a)—something it cannot do because AAA was entitled to judgment as a matter of law.  When the district court granted AAA's motion, all of SOLI's claims to the barge had been dismissed.[2]  The district court was only left with AAA's claim against MWS, and the district court granted relief to AAA based on the June 10, 2008 agreement and MWS being a bad faith seller.

Under Louisiana law, "[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid." LA. CIV. CODE ANN. art 2456 (2010).  The June 10, 2008 agreement was clear as to both subject and price and therefore, obligated MWS's delivery of the barge to AAA. *Id*. art. 2475.  Based on these provisions, the district court was right to deny MWS's summary judgment motion and grant release of the barge to AAA.  Additionally, AAA was entitled to title of the barge, vis-à-vis MWS, because MWS was a bad faith seller under Louisiana Civil Code Article 2545.  SOLI's claim to the barge at the time of MWS's sale to AAA constituted a defect under Article 2545, *see Lake Forest, Inc. v. Bon Marche Homes, Inc.*, 410 So. 2d 362, 364 (La. Ct. App. – 4th Cir.

---

[2] As the district court dismissed SOLI's claims, SOLI could not claim title to the barge. In this appeal, SOLI urges reversal and remand because it feels that it has a claim to the barge.  We do not have the appeal concerning the dismissal of SOLI's claims before us, and therefore, we cannot reverse based on SOLI's urging of its claims.  In light of this AAA's motion to dismiss SOLI's cross-appeal is denied as moot.

1982), such that MWS's failure to disclose SOLI's claim, when MWS knew about it, rendered MWS a bad faith seller. *Osborne v. Ladner*, 691 So. 2d 1245, 1253 (La. Ct. App. – 1st Cir. 1997).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denials of MWS's motions for summary judgment and release and the grant of AAA's motion to release.

AFFIRMED.