# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 20-11240
Summary Calendar

IN THE MATTER OF WILLIAM PAUL BURCH,

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

AMERICA'S SERVICING COMPANY,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-939

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11240

William Paul Burch filed a civil action in Texas state court, asserting claims against America's Servicing Co. (ASC). After ASC removed the action to the United States Bankruptcy Court for the Northern District of Texas, Burch moved to have the case remanded to state court. The bankruptcy court denied the motion to remand and denied Burch's motion for reconsideration. Burch then appealed to the district court, which affirmed the bankruptcy court's denial of the motion to remand and dismissed Burch's appeal.

Burch timely appealed to this court. The district court denied Burch's motion to proceed in forma pauperis (IFP) on appeal. Burch now moves to proceed IFP. ASC has moved to dismiss the appeal for lack of jurisdiction; Burch opposes the motion to dismiss.

With regard to appeals from bankruptcy matters, the limits of this court's jurisdiction "are described by the unique jurisdictional relationship between the bankruptcy court and the district court, and by 28 U.S.C. § 158(d), which provides that 'courts of appeal shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees' of district courts or bankruptcy appellate panels." *Matter of First Fin. Dev. Corp.*, 960 F.2d 23, 25 (5th Cir. 1992) (emphasis in opinion). This court has jurisdiction "only if the underlying bankruptcy court order was final." *Id.* (internal quotation and citation omitted). Thus, "interlocutory orders of the bankruptcy court cannot appropriately be reviewed by courts of appeals, notwithstanding the discretion afforded by the Rules of Bankruptcy Procedure to the district court to entertain review of non-final orders." *Id.*

Here, the bankruptcy court had not disposed of the claims raised in Burch's civil action against ASC. Therefore, the bankruptcy court's denial of the motion to remand was an interlocutory order that this court lacks jurisdiction to review. *See id.*; *Matter of Burch*, 835 F. App'x 741, 746-47 (5th

No. 20-11240

Cir.), *cert. denied sub nom. Burch v. Freedom Mortg. Corp.*, 142 S. Ct. 253 (2021).

Accordingly, ASC's motion to dismiss is GRANTED, and the appeal is DISMISSED for lack of jurisdiction. Burch's IFP motion is DENIED. His motion to file an out-of-time reply to ASC's motion to dismiss is DENIED. Burch's motion to remand to the district court so that he can pay the filing fee is DENIED; his motion to withdraw the motion to remand is also DENIED.

Burch has previously been sanctioned for filing and pursuing frivolous appeals. *See Matter of Burch*, No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) (noting that Burch had previously been sanctioned in the amount of $100 and imposing an additional monetary sanction of $250). He is hereby WARNED that his continued pursuit of frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions, including monetary sanctions, and he is admonished to review his pending appeals and to withdraw any appeals that are frivolous.