# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 22-10027
Summary Calendar

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

MARK X. MULLIN,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-141

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10027

Debtor-Appellant William Paul Burch petitioned for bankruptcy on December 28, 2012. He has filed several frivolous appeals to this court arising from that petition and an earlier bankruptcy proceeding, resulting in Burch receiving multiple sanctions and admonishments from this court. *See In re Burch*, No. 20-11171, 2022 WL 212836, at *1 (5th Cir. Jan. 24, 2022) (unpublished); *see also In re Burch*, 835 F. App'x 741, 745 (5th Cir.), *cert. denied sub nom. Burch v. Freedom Mortg. Corp.*, 142 S. Ct. 253 (2021); *In re Burch*, No. 20-11240, 2022 WL 901510, at *1 (5th Cir. Mar. 28, 2022) (unpublished).

In this appeal, Burch maintains that the bankruptcy judge presiding over his 2012 bankruptcy petition has demonstrated a pattern of bias against him. Over several years, beginning in 2018, Burch filed at least three motions asking the bankruptcy judge to recuse himself and transfer the proceedings to another division, all of which were denied. On February 2, 2021, the bankruptcy court denied Burch's most recent motion to recuse and transfer venue. Burch appealed to the district court, naming the bankruptcy judge as the appellee. The district court summarily affirmed the bankruptcy court's decision and entered final judgment against Burch. Burch appealed to this court and filed a competent pro se brief. The appellee has not appeared in this appeal and its briefing deadline has been cancelled. On appeal, Burch contends that the district court erroneously affirmed the bankruptcy court's denial of his motion to recuse and transfer venue.

We begin by examining, sua sponte, whether we have jurisdiction. *See Mejia v. Whitaker*, 913 F.3d 482, 487 (5th Cir. 2019). Burch asserts that this court has jurisdiction over his appeal as "an appeal from a final decision of a district court of the United States" under 28 U.S.C. § 1295(a)(1). However, we recently explained to Burch, in another appeal relating to his 2012 bankruptcy petition, that this contention is unavailing:

With regard to appeals from bankruptcy matters, the limits of this court's jurisdiction "are described by the unique jurisdictional relationship between the bankruptcy court and the district court, and by 28 U.S.C. § 158(d), which provides that 'courts of appeal shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees' of district courts or bankruptcy appellate panels." *Matter of First Fin. Dev. Corp.*, 960 F.2d 23, 25 (5th Cir. 1992) (emphasis in opinion). This court has jurisdiction "only if the underlying bankruptcy court order was final." *Id.* (internal quotation and citation omitted). Thus, "interlocutory orders of the bankruptcy court cannot appropriately be reviewed by courts of appeals, notwithstanding the discretion afforded by the Rules of Bankruptcy Procedure to the district court to entertain review of non-final orders." *Id.*

Here, the bankruptcy court had not disposed of the claims raised in Burch's civil action against [the defendant]. Therefore, the bankruptcy court's denial of the motion to remand was an interlocutory order that this court lacks jurisdiction to review. *See id.*; *Matter of Burch*, 835 F. App'x 741, 746-47 (5th Cir.), *cert. denied sub nom. Burch v. Freedom Mortg. Corp.*, 142 S. Ct. 253 (2021).

*In re Burch*, 2022 WL 901510, at *1. Likewise, in this case, Burch's bankruptcy proceeding remains pending in the bankruptcy court. We are thus without jurisdiction to review the bankruptcy court's interlocutory order denying Burch's motion to recuse and transfer venue. Moreover, this court lacks jurisdiction to consider an appeal from the denial of a motion to recuse because "[q]uestions concerning the disqualification of judges are not immediately appealable." *Terrell v. City of El Paso*, 176 F. App'x 621, 622 (5th Cir. 2006) (citing *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 960–61 (5th Cir. 1980)). We therefore DISMISS this appeal for lack of jurisdiction.

Finally, we reiterate that Burch has previously received separate sanctions from this court totaling $350 for pursuing frivolous appeals. *In re Burch*, 2022 WL 901510, at *1. On March 28, 2022, this court again warned Burch "that his continued pursuit of frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions, including monetary sanctions, and he is admonished to review his pending appeals and to withdraw any appeals that are frivolous." *Id.* Although this appeal fails for the same reasons that this court explained when it issued that warning, *see id.*, Burch did not withdraw the appeal.

Because Burch obviously ignored this court's admonishment, an additional sanction and warning is warranted. Burch is hereby ORDERED to pay $100.00 to the clerk of this court. The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Burch unfiled any submissions he should make until the sanction is paid in full. Burch is once again WARNED that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in further sanctions. He is once again ADMONISHED to review any pending appeals and to withdraw any appeals that are frivolous.